UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D'ANDRE SMITH,<br><br>    Plaintiff,<br><br>  v.<br><br>ALAMEDA COUNTY SHERIFF DEPT., et al.,<br><br>    Defendants. | Case No. 22-cv-07200-AMO (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## I.    INTRODUCTION

Plaintiff D'Andre Smith, who is currently in custody at North Kern State Prison, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging constitutional violations at Santa Rita Jail ("SRJ") where he was previously incarcerated. This suit was reassigned from a magistrate judge to the undersigned in light of Ninth Circuit authority.[1] Smith also seeks leave to proceed *in forma pauperis*, which will be granted in a separate Order.

Venue is proper in this judicial district because the events giving rise to the claim are alleged to have occurred at SRJ, which is located herein. *See* 28 U.S.C. § 1391(b). Smith names the following defendants: "Alameda County Sheriff's Dept." and "Valley Care Hospital[,] Dublin,

---

[1] *Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017) (concluding that magistrate judge lacked jurisdiction to dismiss case on initial screening because unserved defendants had not consented to proceed before a magistrate judge).

1  [California]." Dkt. 1 at 2.² Smith seeks monetary damages. *Id.* at 7.

**II.    DISCUSSION**

    **A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633; *see, e.g.*, *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (finding that a prison official's failure to intervene to prevent Eighth Amendment violation may be basis for liability). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Leer*, 844 F.2d at 633.

A supervisor may be liable under section 1983 upon a showing of (1) personal

---

² Page number citations refer to those assigned by the Court's electronic case-management filing ("ECF") system and not those assigned by Smith.

involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "'Supervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others.'" *Preschooler II v. Davis*, 479 F.3d 1175, 1183 (9th Cir. 2007) (citations omitted). Evidence of a prisoner's letter to an administrator alerting him to a constitutional violation is sufficient to generate a genuine issue of material fact as to whether the administrator was aware of the violation, even if he denies knowledge and there is no evidence the letter was received. *Jett*, 439 F.3d at 1098. Evidence that a prison supervisor was personally involved in an unconstitutional transfer and denied all appeals of the transfer, for example, may suffice. *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *see also Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998) (finding that a supervisor who signed an internal affairs report dismissing complaint against officer despite evidence of officer's use of excessive force may be liable for damages).

**B.     Analysis**

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, Rule 8(e) requires that each averment of a pleading be "simple, concise, and direct." *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). While the federal rules require brevity in pleading, a complaint nevertheless must be sufficient to give the defendants "fair notice" of the claim and the "grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quotation and citation omitted). A complaint that fails to state the specific acts of

3

the defendant that violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a). *See Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). Moreover, under section 1983, liability may be imposed on an individual defendant only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer*, 844 F.2d at 634. As explained above, a supervisor may be liable under section 1983 only upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman*, 942 F.2d at 1446. Under no circumstances is there respondeat superior liability under section 1983. *Taylor*, 880 F.2d at 1045.

Here, Smith raises several claims relating to his confinement at SRJ from October 2021 to July 2022, including: sexual harassment; police misconduct; defamation of character; sexual abuse; emotional distress; malpractice (involving both medical and dental care); and negligence. Dkt. 1 at 3-6.

### 1. Convicted Prisoner vs. Pretrial Detainee

Inmates who sue prison officials for damages for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc). But under both clauses, the inmate must show that the prison official acted with deliberate indifference. *Id*. at 1068. The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Amendment imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer*, 511 U.S. at 832; *DeShaney v. Winnebago Cnty. Dep't of Social Servs.*, 489 U.S. 189, 199-200 (1989). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious,

4

*Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id*. (citing *Wilson*, 501 U.S. at 297).

When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). "'[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent guarantee is the Due Process Clause of the Fourteenth Amendment.'" *Id.* (quoting *Ingraham v. Wright*, 430 U.S. 651, 671-72 n.40 (1977)). The state may detain a pretrial detainee "to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment or otherwise violate the Constitution." *Id.* at 536-37. If a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective it does not, without more, amount to punishment. *See id.* at 539.

It is not clear from Smith's filings whether he was a convicted prisoner or a pretrial detainee at the time of the alleged constitutional violations. To aid the Court's proper assessment of Smith's claims, the Court directs Smith to indicate in his Amended Complaint whether he was a pretrial detainee or a convicted prisoner while he was in custody at SRJ during the time frame at issue in this complaint.

### 2. Legal Claims

#### a. Lack of Named Defendants

As an initial matter, the Court notes that Smith has not identified the "individual defendants whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer*, 844 F.2d at 633. Nor does Smith link any of these unnamed defendants to his claims. Naming the "Alameda County Sheriff Dept.", *see* Dkt. 1 at 1-2, is not sufficient. Similarly, Smith attempts to list "Valley Care Hospital[,] Dublin, [California]," as a defendant, *see id.*, but he does not name any specific individuals.

5

Even if Smith did name individual hospital workers, he has not claimed that they were government employees. Instead, it appears to the Court that they are medical staff from a hospital, and that these defendants could be private parties whose medical group had a contract to provide care to patients from SRJ. "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotation marks and citations omitted). In other words, unless staff employed by the state were to provide Smith medical or dental care, there was no state action. *See West v. Atkins*, 487 U.S. 42, 54-55 (1988)). Thus, if Smith names such individuals as defendants, he must, if he can, allege that they are state actors who can be held liable for an Eighth Amendment violation.

Second, there is no respondeat superior liability under section 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). It is not enough that the supervisor merely has a supervisory relationship over the defendants; the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Furthermore, supervisor defendants are entitled to qualified immunity where the allegations against them are "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrong. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-83 (2009) (quoting *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570* (2007) ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'")). Appropriate defendants would include the classification officers, the guards who supervised his daily activities, and the specific medical staff members who denied him medical and/or dental care, etc. Smith also must provide names (or other identifying information), as well as dates, times, places, and allegations that plausibly establish liability. Thus, Smith's complaint is DISMISSED with leave to amend his claims to correct these aforementioned deficiencies.

### b. Joinder Issues

Even if Smith successfully pleads actionable amended claims and links named defendants, he should ensure that his claims comply with Federal Rule of Civil Procedure 20(a). As

mentioned above, Smith raises multiple claims relating to his nine-month confinement at SRJ. Dkt. 1 at 3-6. Rule 20(a)(2) provides that all persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). To comply with these rules, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." *Id.* Smith's allegations relating to his claims of sexual harassment, police misconduct, defamation of character, sexual abuse, emotional distress, malpractice (involving both medical and dental care), and negligence seem to arise out of a different series of transaction. *See* Dkt. 1 at 3-6. If Smith opts to amend his complaint, he is cautioned that he may ***only*** allege claims (including any new claims) that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences, ***and*** (b) present questions of law or fact common to all defendants named therein. For his Amended Complaint, plaintiff needs to choose claims that also meet the joinder requirements. Unrelated claims that do not the joinder requirements may be alleged in a separate lawsuit.

If Smith wishes to amend his claims with ones that comply with the joinder requirements of Federal Rule of Civil Procedure 20(a), then the Court will allow him leave to prepare a proper Amended Complaint consistent with federal pleading standards. Smith is advised that for each claim, he must, to the best of his ability, specifically identify each defendant, and specify what constitutional right he believes each defendant has violated. Importantly, Smith must allege facts regarding the conduct of each defendant that he asserts gives rise to that defendant's liability. As mentioned, a person deprives another of a constitutional right within the meaning of section 1983 if he commits an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the Smith complains. *Leer*, 844 F.2d at 633. No liability exists under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *See id* at 634.

7

          **c.**      **Exhaustion Issues**

Lastly, Smith indicates that he did not "submit a request for administrative relief" as to any of his claims. *See* Dkt. 1 at 3-5. Specifically, as to each of the "Administrative Remedies" sections of his three claim, he answers "NO" following the question: "Did you submit a request for relief on Claim [I-III]?" *Id.* However, when asked to explain why he did not pursue a "request for administrative relief" at any level of appeal," his answers differ and range from not feeling safe, to jail officials claimed they investigated the incident, or to the fact that he was "thinking of money." *Id.* It thus appears he has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). Smith must provide more information why this case should not be dismissed without prejudice so he can properly exhaust his claims.

          **d.**      **Summary**

In sum, because it appears possible that Smith may be able to correct the aforementioned deficiencies, the Court DISMISSES his claims with leave to amend to correct such deficiencies. Smith must name specific defendants. He must also elaborate on all the aforementioned claims and specifically link any named defendants to his claims. In an Amended Complaint, Smith must identify the specific jail officials involved in the alleged constitutional violations, and he must describe how their actions violated his constitutional rights. If Smith names any specific hospital workers as defendants, he should specify if they are government actors. He must correct any joinder issues and provide a response as to whether he has exhausted his claims. Smith should also indicate if he is a pretrial detainee or a convicted prisoner, and he must carefully indicate the specific dates of any alleged constitutional violation.

## III.    CONCLUSION

For the foregoing reasons, the Court orders:

1.      Smith's complaint is DISMISSED with leave to amend in order to give him the opportunity to file a **simple, concise and direct** Amended Complaint which:

      a.      States clearly and simply each claim he seeks to bring in federal court as required under Rule 8, and he should:

            i.      Set forth **each claim** in a separate numbered paragraph;

     ii. Identify **each defendant** and the **specific action or actions each defendant took, or failed to take**, that allegedly caused the deprivation of the plaintiff's constitutional rights; and

     iii. Identify the injury resulting **from each claim**;

  b. Explains how he has exhausted his administrative remedies **as to each claim** as against **each defendant** before he filed this action;

  c. Alleges only those claims that are properly joined under Rule 20(a) (concerning joinder of claims and defendants) or, stated differently, because the plaintiff may not list everything that has happened to him at SRJ that he finds objectionable, the Amended Complaint may only allege claims that:

     i. Arise out of the **same** transaction, occurrence, or series of transactions or occurrences; and

     ii. Present questions of law or fact common to **all defendants**;

  d. States specifically **how each defendant** is directly linked to the plaintiff's claims;

  e. **Names supervisorial liability defendants** who committed an affirmative act, and is not linked solely in his or her supervisory capacity, or against whom the plaintiff can allege facts that would establish either supervisorial or municipal liability;

  f. Names **doe defendants** (unnamed defendants) only if the plaintiff can set forth specific facts showing how each of these doe defendants actually and proximately caused the deprivation of a federally protected right, and the plaintiff must also provide to the Court the names of any of these **doe defendants**;

  g. Identifies the **specific jail officials** involved in the alleged constitutional violations, and describes how their actions violated his constitutional rights;

  h. Names **specific hospital workers**, describes how their actions violated his constitutional rights, and specifies if they are **government actors or private parties**; and

  i. Indicates: (1) if the plaintiff is a **pretrial detainee** or a **convicted prisoner**; and (2) the **specific dates** of any alleged constitutional violation.

2. The plaintiff shall have **twenty-eight (28) days** from the date of this Order to file an Amended Complaint that complies with the Court's above orders.

He must indicate the case number for this action—Case No. 22-cv-07200-AMO (PR)—on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form. Because the Amended Complaint completely replaces all previously-filed complaints, the plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). He may not incorporate material from the original complaint by reference. If the plaintiff wishes to attach any additional pages to the civil rights form, he shall maintain the same format as the form, i.e., answer only the questions asked in the "Exhaustion of Administrative Remedies" section without including a narrative explanation of each grievance filed. **Smith's failure to file his Amended Complaint by the twenty-eight-day deadline or to correct the aforementioned deficiencies outlined above will result in the dismissal of this action without prejudice.**

3. It is the plaintiff's responsibility to prosecute this case. The plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

4. The Clerk of the Court shall send the plaintiff a blank civil rights complaint form along with his copy of this Order.

**IT IS SO ORDERED.**

Dated: November 17, 2023

_____
**A**RACELI **M**ARTÍNEZ-**O**LGUÍN
**United States District Judge**

10