1

2

3

4

5

6 UNITED STATES DISTRICT COURT

7 NORTHERN DISTRICT OF CALIFORNIA

8

| | |
|---|---|
| D'ANDRE SMITH, | Case No. 22-cv-07200-AMO (PR) |
| Plaintiff, | **SECOND ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| OFFICER SUSAKI, et al., | |
| Defendants. | |

United States District Court
Northern District of California

## I.   INTRODUCTION

Plaintiff D'Andre Smith, who is currently incarcerated at Calipatria State Prison, filed a civil rights complaint under 42 U.S.C. § 1983, representing himself.  He alleges constitutional violations at Santa Rita Jail ("SRJ") where he was previously incarcerated.  On November 17, 2023, the Court reviewed Smith's complaint pursuant to 28 U.S.C. § 1915A and dismissed the complaint with leave to amend within twenty-eight days, with various instructions to correct certain deficiencies.  The Court provided Smith with the rules regarding joinder of defendants as well as other various pleading requirements.  Dkt. 14.  The Court also granted Smith leave to proceed *in forma pauperis*.  Dkt. 13.

Smith has since filed an amended complaint (Dkt. 15), which the Court now reviews under 28 U.S.C. § 1915A.

Venue is proper in this judicial district because the events giving rise to the claim are alleged to have occurred at SRJ, which is located herein.  *See* 28 U.S.C. §1391(b).  Smith names the following defendants from the Alameda County Sheriff's Office: Officers Middlebrook and

1   Susaki.[1]  Dkt. 15 at 1.[2]  Smith seeks monetary damages.  *Id.* at 3.

2          For the reasons stated below, the Court **DISMISSES** Smith's amended complaint with

3   leave to amend.  Smith may file a second amended complaint  that complies with the necessary

4   pleading requirements.

5   **II.     DISCUSSION**

6          **A.       Standard of Review**

7          A federal court must conduct a preliminary screening in any case in which a prisoner seeks

8   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

9   § 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss any claims

10  that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

11  monetary relief from a defendant who is immune from such relief.  *Id.* § 1915A(b)(1), (2).

12  Pleadings submitted by self-represented plaintiffs must be liberally construed.  *Balistreri v.*

13  *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

14         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

15  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

16  the alleged violation was committed by a person acting under the color of state law.  *West v.*

17  *Atkins*, 487 U.S. 42, 48 (1988).  Further, liability may be imposed on an individual defendant if the

18  plaintiff can show that the defendant proximately caused the deprivation of a federally protected

19  right.  *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d

20  1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning

21  of section 1983 if they engage in an affirmative act, participates in another's affirmative act or

22  fails to perform an act which they are legally required to undertake, that causes the deprivation

23  of which the plaintiff complains.  *Leer*, 844 F.2d at 633; *see, e.g.*, *Robins v. Meecham*, 60 F.3d 1436,

24  _____

25  [1] Certain defendants named in the original complaint, Alameda County Sheriff's Department and
    Valley Care Hospital, are not included as named defendants in the amended complaint, *see* Dkt. 15
26  at 2, and the claims against these defendants are accordingly **DISMISSED**, *see Ferdik v. Bonzelet*,
    963 F.2d 1258, 1262 (9th Cir. 1992) (finding defendants not named in amended complaint are no
27  longer defendants).

28  [2] Page number citations refer to those assigned by the Court's electronic case-management filing
    system and not those assigned by Smith.

United States District Court
Northern District of California

United States District Court
Northern District of California

1442 (9th Cir. 1995) (finding that a prison official's failure to intervene to prevent Eighth Amendment violation may be basis for liability). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Leer*, 844 F.2d at 633.

A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "'Supervisory liability is imposed against a supervisory official in [their] individual capacity for [their] own culpable action or inaction in the training, supervision, or control of [their] subordinates, for [their] acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others.'" *Preschooler II v. Davis*, 479 F.3d 1175, 1183 (9th Cir. 2007) (citations omitted). Under no circumstances is there respondeat superior liability under section 1983. *Taylor*, 880 F.2d at 1045.

Finally, Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, Rule 8(e) requires that each averment of a pleading be "simple, concise, and direct." *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). While the federal rules require brevity in pleading, a complaint nevertheless must be sufficient to give the defendants "fair notice" of the claim and the "grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quotation and citation omitted). A complaint that fails to state the specific acts of the defendant that violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a). *See Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**B.       Legal Claims**

In response to the Court's November 17, 2023 Order directing Smith to indicate whether he is a pretrial detainee or a convicted prisoner, *see* Dkt. 14 at 4-5, Smith's amended complaint indicates he is a convicted prisoner, *see* Dkt. 15 at 1.

In reviewing the "Statement of Claim" section of the amended complaint, the Court notes that Smith does not clearly set out information regarding how his claims and the named defendants are properly joined. *See* Dkt. 15 at 2-3.  Smith's amended complaint asserts unrelated claims against different defendants. *See id.*  As the Court previously notified Smith after reviewing his original complaint, Federal Rule of Civil Procedure Rule 20 provides,

> All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a) (emphasis added).  Rule 20(a) requires that a plaintiff cannot assert unrelated claims against different defendants.  In its November 17, 2023 Order, the Court instructed Smith that he may only allege claims that (a) rise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein.  Dkt. 14 at 6-7.  The Court further instructed that claims that do not satisfy Rule 20(a) must be alleged in separate complaints filed in separate actions.  *See id.* at 7.

In his amended complaint, Smith *again* repeats the same joinder errors as in his original complaint.  *See* Dkt. 15 at 2-3.  There does not appear to be any commonality of right to relief arising out of the following claims: Claim 1 – in 2021 his teeth were chipped during dental service by unknown dental staff; Claim 2 – after an attorney visit on an unknown date, he was strip-searched by Defendant Susaki in front of others; Claim 3 – sometime between November to December 2021, when Defendant Middlebrook was on laundry exchange duty, Smith's socks contained "a pair of pan[t]ies inside"; and Claim 4 – sometime between April and June 2022, unknown medical personnel from Valley Care Hospital flipped Smith while taking x-rays of his stomach and pushed handcuffs into his mouth and caused his teeth to be chipped.  *Id.*  Smith cannot join these claims, he must file them as separate lawsuits, if he is inclined.  With regard to

4

the instant action, this Court will provide Smith with one further attempt to determine himself on which of the four listed claims he wishes to proceed in this suit. Therefore, the Court **DISMISSES** the amended complaint with leave to amend, providing Smith with one further opportunity to file a second amended complaint ("SAC") that only includes properly joined defendants and claims.

The Court again reminds Smith that in filing his SAC, he should also comply with the appropriate rules regarding civil complaints. Rule 8(d) requires that each averment of a pleading be "simple, concise, and direct," and may be the basis for dismissal. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complain that was "argumentative, prolix, replete with redundancy, and largely irrelevant").

In his SAC, Smith must provide a short and plain and separate statement regarding each claim: the specifics regarding the mistreatment he suffered, how it violated his constitutional rights, whether he suffered any injury as a result, and the conduct of each individual defendant that he asserts is responsible for a constitutional violation. Smith must specifically identify what each named defendant did or did not do in order to state a claim with regard to each separate claim. While Smith may attach exhibits in support of his claims, he must identify how each applies to his claims.

Smith must also establish legal liability of each person for the claimed violation of his rights. Liability may be imposed on an individual defendant under section 1983 if Smith can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer*, 844 F.2d at 634. A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See id.*; *see, e.g.*, *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent Eighth Amendment violation may be basis for liability). Sweeping conclusory allegations will not suffice; Smith must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. *Leer*, 844 F.2d at 634.

Finally, the SAC need not be long. In fact, a brief and clear statement with regard to each

United States District Court
Northern District of California

5

claim listing each defendant's actions regarding that claim is preferable.  Smith should state his claims simply and need not present a lengthy history unrelated to the actions he complains about. The SAC should comply with Rule 8 and provides a brief and coherent recitation of his claims regarding only those defendants who are properly joined.  Smith must also prove that he exhausted all of his claims against each defendant before his filed this action.

In sum, because it appears possible that Smith may be able to correct the aforementioned deficiencies, the Court **DISMISSES** his amended complaint with leave to amend to correct such deficiencies.

### III.    CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.      Defendants Alameda County Sheriff's Department and Valley Care Hospital are not included as named defendants in the amended complaint, *see* Dkt. 15 at 2,[3] and the claims against these defendants are **DISMISSED**.

2.      The amended complaint is **DISMISSED** with leave to amend, as indicated above. The Court repeats its instructions on how to properly amend his claims, which is taken from its November 17, 2023 Order of Dismissal With Leave to Amend, *see* Dkt. 14, without certain instructions that are no longer relevant.

Smith's amended complaint is **DISMISSED** with leave to amend in order to give him the opportunity to file a **simple, concise and direct** SAC which:

a.      States clearly and simply each claim he seeks to bring in federal court as required under Rule 8, and he should:

i.      Set forth **each claim** in a separate numbered paragraph;

ii.      Identify **each defendant** and the **specific action or actions each defendant took, or failed to take**, that allegedly caused the deprivation of the plaintiff's constitutional rights; and

iii.      Identify the injury resulting **from each claim**;

---

[3] The Court notes that while Smith includes "Alameda Court Sheriff's Dept." in the caption, he does not list this defendant under the "Parties," section. *Compare* Dkt. 15 at 1 *with* Dkt. 15 at 2.

United States District Court
Northern District of California

United States District Court
Northern District of California

      b.      Explains how he has exhausted his administrative remedies **as to each claim** as against **each defendant** before he filed this action;

      c.      Alleges only those claims that are properly joined under Rule 20(a) (concerning joinder of claims and defendants) or, stated differently, because the plaintiff may not list everything that has happened to him at SRJ that he finds objectionable, the Amended Complaint may only allege claims that:

           i.      Arise out of the **same** transaction, occurrence, or series of transactions or occurrences; and

           ii.      Present questions of law or fact common to **all defendants**;

      d.      States specifically **how each defendant** is directly linked to the plaintiff's claims;

      e.      Identifies the **specific jail officials** involved in the alleged constitutional violations, and describes how their actions violated his constitutional rights; and

      f.      Names **specific hospital workers**, describes how their actions violated his constitutional rights, and specifies if they are **government actors or private parties**.

3.      Within **twenty-eight (28) days** from the date of this Order, the plaintiff shall file his SAC as set forth above.

The plaintiff must use the attached civil rights form, write the case number for this action—Case No. 22-cv-07200-AMO (PR)—on the form, clearly label the complaint "Second Amended Complaint," and complete all sections of the form.  Because the SAC completely replaces the original and amended complaints, the plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992).  He may not incorporate material from either the original or amended complaints by reference.  If the plaintiff wishes to attach any additional pages to the civil rights form, he shall maintain the same format as the form, i.e., answer only the questions asked in the "Exhaustion of Administrative Remedies" section without including a narrative explanation of each grievance filed.  **Smith's failure to file his SAC by the twenty-eight-day deadline or to correct the aforementioned deficiencies outlined above will result in the dismissal of this action without**

**prejudice.**

4.      It is the plaintiff's responsibility to prosecute this case.  The plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must file a notice of change of address promptly, specifying the new address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address.  *See* L.R. 3-11(b).

5.      The Clerk of the Court shall send the plaintiff a blank civil rights complaint form along with his copy of this Order.

**IT IS SO ORDERED.**

Dated:  July 15, 2024

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**