UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D'ANDRE SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>OFFICER SUSAKI, et al.,<br><br>    Defendants. | Case No. 22-cv-07200-AMO (PR)<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE** |

On July 15, 2024, the Court issued a Second Order of Dismissal with Leave to Amend. Specifically, the Court granted D'Andre Smith twenty-eight days from the date of the Order to file a section amended complaint to correct the deficiencies in his amended complaint. The Court warned Smith that the failure to file a timely amended complaint would result in the dismissal of this action for failure to prosecute. The time for Smith to file an amended complaint has passed, and he has failed to do so. Taking into account the salient factors set forth in *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), the Court finds that dismissal is warranted under Federal Rule of Civil Procedure 41(b).[1]  *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 989, 992 (9th Cir. 1999) (affirming dismissal of action following plaintiff's failure to amend complaint after receiving leave to do so, where the interest in expeditious resolution of litigation, the court's management of its docket, and avoiding prejudice to defendants favored dismissal).

---

[1] If and when Smith is prepared to pursue his claims, he may file a new civil rights action. The limitations period to file a section 1983 action in California is two years, but it is tolled for up to two years during a continuous period of incarceration. *See Silva v. Crain,* 169 F. 3d 608, 610 (9th Cir. 1999) (holding, pursuant to Cal. Civ. Proc. Code § 340(3), that the limitations period for filing a section 1983 action in California is one year); S.B. 688 (amending Cal. Civ. Proc. Code § 340(3) and adding section 335.1 to establish two-year residual limitations period for personal injury actions); Cal. Civ. Proc. Code § 352.1(a) (providing for an additional two years of tolling during a period of continual imprisonment).

1    Accordingly, **IT IS HEREBY ORDERED** that the complaint in the above-captioned
2 action is **DISMISSED**. Further, this Court **CERTIFIES** that any *in forma pauperis* ("IFP")
3 appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See*
4 *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th
5 Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be
6 frivolous).

    The Clerk of the Court shall terminate all pending motions and close the file.

    **IT IS SO ORDERED.**

Dated:   October 28, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**